IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JED R. CLAASSEN, et al.,

Plaintiffs,

v. Case No. 17-1210-JTM

MONSANTO CO., et al.,

Defendants.

**ORDER**

Plaintiff Jed R. Claassen, individually and as a representative of what he refers to as "Claassen Farms," filed this putative, nationwide, class-action lawsuit alleging defendants "jointly collaborated to develop and release a defective and unreasonably dangerous 'dicamba-tolerant [crop] system,' which has directly resulted in massive harm to crops in Kansas, Arkansas, Missouri, Tennessee, Mississippi, and other states."[1] Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is defendants' motion to stay discovery (ECF No. 38) pending the court's rulings on motions to dismiss the complaint filed by BASF Corporation and BASF Plant Science LP,[2] and separately by Monsanto Company.[3] Because the court finds no reason to stray from the general rule that discovery is not stayed simply because a dispositive motion has been filed, the motion to stay is denied.

---

[1]ECF No. 1 at 1.

[2]ECF No. 28.

[3]ECF No. 32.

The decision whether to stay discovery rests in the sound discretion of the court.[4] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[5] Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[6] The court has recognized that there may be exceptions to this rule, such as where (1) the case is likely to be finally concluded via a dispositive motion, (2) the facts sought through discovery would not affect the resolution of the dispositive motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[7]

The court does not find this to be one of the rare instances in which staying discovery is justified. Considering the first exception, the undersigned has reviewed the motions to dismiss and their accompanying briefs, and cannot say that this action is *likely* to be concluded via a ruling on the motions. Although defendants direct the court to a dicamba

---

[4]*Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Bank of Blue Valley v. Lasker Kim & Co.*, No. 15-9303-CM, 2016 WL 6604065, at *1 (D. Kan. March 29, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) and *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013)).

[5]*Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC,* No. 13-1168, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983)).

[6]*Bank of Blue Valley*, 2016 WL 6604065, at *1 (citing *Kutilek*, 132 F.R.D. at 297, and *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014)).

[7]*See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297-98).

case pending in the Eastern District of Missouri in support of their arguments that plaintiff's claims will be dismissed,[8] plaintiff cites rulings in a separate dicamba case also pending in the Eastern District of Missouri in support of its argument that its claims will survive the motions to dismiss.[9] The undersigned certainly does not presume to predict how the presiding U.S. District Judge, J. Thomas Marten, will view or rule the motions pending in *this* case—indeed, he *may* grant the motions—but this is not a case in which the likely outcomes of the motions are clear.[10]

Second, the undersigned is not clearly convinced that facts learned in discovery would not affect the resolution of the motions to dismiss. The parties do not address this exception. Given the general rule disfavoring the stay of discovery, "out of an abundance of caution, and in its discretion, the court will not stay discovery in the present case simply because the pending motion to dismiss may not need further discovery."[11]

Finally, the undersigned does not find that moving forward with discovery will be burdensome. Dicamba litigation is currently pending against defendants in a number of cases

---

[8] *See Bader Farms, Inc. v. Monsanto Co.*, E.D. Mo. Case No. 16-cv-299.

[9] *See Landers v. Monsanto Co.*, E.D. Mo. Case No. 17-cv-20.

[10] *See Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) ("To stay discovery, defendants must prove that they are *likely* to prevail on the dispositive motion. While defendant has raised arguments as to the jurisdictional issue of plaintiff's benefit claims, it is not clear at this stage, especially given a liberal construction of the plaintiff's pleading, that the district court must find it has no jurisdiction over the case.").

[11] *Bank of Blue Valley*, 2016 WL 6604065, at *1 (quoting *Holroyd*, 2007 WL 1585846, at *2).

across the country, and as plaintiffs note, much of the information they will seek has likely already been gathered by defendants and produced in those cases. Thus, the burden on defendants in responding to discovery in this case should not be extraordinary. To the extent defendants fear the discovery sought will not be proportional to the needs of this case, the court will address that concern if and when it materializes.

Because no clear exception applies that would warrant it, the undersigned declines to stay discovery pending resolution of the dispositive motions.

IT IS THEREFORE ORDERED that defendants' motion to stay discovery is denied.

Dated December 21, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge